UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CALIPER LIFE SCIENCES, INC., A PERKINELMER COMPANY<br><br>Plaintiff,<br><br>v.<br><br>Alere Inc.<br><br>Defendant. | Civil Action No. 17-12124<br><br>**JURY TRIAL DEMANDED**<br><br>October 30, 2017 |

## COMPLAINT

Caliper Life Sciences, Inc. ("Caliper" or "Plaintiff"), by and through its attorneys, Day Pitney LLP, brings this Complaint for patent infringement against Alere Inc. ("Alere" or "Defendant") and alleges as follows:

## THE PARTIES

1. Caliper is a Delaware corporation with its principal place of business at 68 Elm Street, Hopkinton, Massachusetts 01748. Caliper is a wholly owned subsidiary of PerkinElmer Holdings, Inc. (a corporation organized under the laws of the Commonwealth of Massachusetts), which, in turn, is a wholly owned subsidiary of PerkinElmer, Inc. (a corporation organized under the laws of the Commonwealth of Massachusetts).

2. Upon information and belief, Alere Inc. is a Delaware corporation with its principal place of business at 51 Sawyer Road Suite 200, Waltham, Massachusetts 02453.

## NATURE OF THE ACTION

3. Plaintiff's claims arise out of Defendant's willful infringement of at least the following United States Patents (collectively, "Asserted Patents"):

    a. U.S. Patent No. 6,238,538 ("'538 Patent"), entitled "Controlled fluid transport in microfabricated polymeric substrates," a copy of which is attached hereto as Exhibit A.

    b. U.S. Patent No. 5,842,787 ("'787 Patent"), entitled "Microfluidic systems incorporating varied channel dimensions," a copy of which is attached hereto as Exhibit B.

    c. U.S. Patent No. 5,957,579 ("'579 Patent"), entitled "Microfluidic systems incorporating varied channel dimensions," a copy of which is attached hereto as Exhibit C.

    d. U.S. Patent No. 6,186,660 ("'660 Patent"), entitled "Microfluidic systems incorporating varied channel dimensions," a copy of which is attached hereto as Exhibit D.

    e. U.S. Patent No. 6,322,683 ("'683 Patent"), entitled "Alignment of multicomponent microfabricated structures," a copy of which is attached hereto as Exhibit E.

    f. U.S. Patent No. 6,881,312 ("'312 Patent"), entitled "Ultra high throughput microfluidic analytical systems and methods," a copy of which is attached hereto as Exhibit F.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to at least 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendant by virtue of, among other things, its transacting, doing, and soliciting business in this District and committing acts of direct and/or indirect patent infringement in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and has a regular and established place of business in this District as well.

## FACTUAL BACKGROUND

7. Since its founding in 1995, Caliper has researched, designed, manufactured, sold, and supported integrated systems supporting the life sciences research community. These systems include, but are not limited to, instruments, software, reagents and assays. Caliper is a well-established industry innovator and is trusted by the world's best life sciences companies, including pharmaceutical and biotechnology companies, as well as government and research institutions.

8. Caliper is a pioneer in microfluidics, lab automation, and optical imaging instrument technologies, as well as drug discovery and drug development outsourcing solutions. Caliper's products are groundbreaking and well-recognized around the world.

9. Caliper owns by assignment the entire right, title, and interest in the '538 Patent. The '538 Patent issued from U.S. Patent Application Serial No. 09/287,068, filed on April 6, 1999. The '538 Patent expired on April 14, 2017.

10. Caliper owns by assignment the entire right, title, and interest in the '787 Patent. The '787 Patent issued from U.S. Patent Application Serial No. 08/948,194, filed on October 9, 1997. The '787 Patent expired on October 9, 2017.

11. Caliper owns by assignment the entire right, title, and interest in the '579 Patent. The '579 Patent issued from U.S. Patent Application Serial No. 09/163,709, filed on September 30, 1998. The '579 Patent expired on October 9, 2017.

12. Caliper owns by assignment the entire right, title, and interest in the '660 Patent. The '660 Patent issued from U.S. Patent Application Serial No. 09/360,784, filed on July 26, 1999. The '660 Patent expired on October 9, 2017.

13. Caliper owns by assignment the entire right, title, and interest in the '683 Patent. The '683 Patent issued from U.S. Patent Application Serial No. 09/291,808, filed on April 14, 1999. The '683 Patent expires on April 14, 2019.

14. Caliper owns by assignment the entire right, title, and interest in the '312 Patent. The '312 Patent issued from U.S. Patent Application Serial No. 10/319,045, filed on December 13, 2002. The '312 Patent expires on April 7, 2020.

15. According to Alere's promotional and marketing materials and based on Plaintiff's inspection, Alere's epoc® Blood Analysis System ("epoc System") includes a microscale substrate with at least a polymer layer having interconnected microscale channels and sources of the test compounds, sealed by a flat cover layer disposed over at least a portion of the intersecting microscale channels and having at least one aperture that is of smaller dimensions than the source of the test compounds. The channels in the epoc System vary in shape and size, with at least a portion having an aspect ratio (width/depth) less than 1.

16. According to Alere's promotional and marketing materials and based on Plaintiff's inspection, the epoc System includes an analytical instrument and an interface structure having a heater element for heating fluid in the microscale substrate and a fluid control interface for controlling fluid movement.

## COUNT I
### (Infringement of the '538 Patent)

17. Paragraphs 1–16 are hereby incorporated by reference as if fully set forth herein.

18. Upon information and belief, during the term of the '538 Patent, Alere made, used, sold, offered to sell and/or imported into the United States products that directly and/or indirectly infringed, literally and/or under the doctrine of equivalents, at least one claim of the '538 Patent. Such products include Alere's epoc System.

19. Caliper put Alere on notice of the '538 Patent on February 23, 2017 at the latest. Alere actively, knowingly, and intentionally induced infringement of the '538 Patent by making, using, offering for sale, importing, and/or selling infringing products, all with knowledge of the '538 Patent and its claims. Upon information and belief, Alere had knowledge that its customers would use its products to infringe the claims of the '538 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

20. Upon information and belief, Alere's infringement of the '538 Patent was willful.

21. Plaintiff has suffered damages from Defendant's infringing acts.

22. Plaintiff is entitled to recover damages adequate to compensate it for Alere's infringement.

## COUNT II
### (Infringement of the '787 Patent)

23. Paragraphs 1–16 are hereby incorporated by reference as if fully set forth herein.

24. Upon information and belief, during the term of the '787 Patent, Alere made, used, sold, offered to sell and/or imported into the United States products that directly and/or indirectly infringed, literally and/or under the doctrine of equivalents, at least one claim of the '787 Patent. Such products include Alere's epoc System.

25. Caliper put Alere on notice of the '787 Patent on February 23, 2017 at the latest. Alere actively, knowingly, and intentionally induced infringement of the '787 Patent by making, using, offering for sale, importing, and/or selling infringing products, all with knowledge of the '787 Patent and its claims. Upon information and belief, Alere had knowledge that its customers would use its products to infringe the claims of the '787 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

26. Upon information and belief, Alere's infringement of the '787 Patent was willful.

27. Plaintiff has suffered damages from Defendant's infringing acts.

28. Plaintiff is entitled to recover damages adequate to compensate it for Alere's infringement.

## COUNT III
### (Infringement of the '579 Patent)

29. Paragraphs 1–16 are hereby incorporated by reference as if fully set forth herein.

30. Upon information and belief, during the term of the '579 Patent, Alere made, used, sold, offered to sell and/or imported into the United States products that directly and/or

indirectly infringed, literally and/or under the doctrine of equivalents, at least one claim of the '579 Patent. Such products include Alere's epoc System.

31. Caliper put Alere on notice of the '579 Patent on February 23, 2017 at the latest. Alere actively, knowingly, and intentionally induced infringement of the '579 Patent by making, using, offering for sale, importing, and/or selling infringing products, all with knowledge of the '579 Patent and its claims. Upon information and belief, Alere had knowledge that its customers would use its products to infringe the claims of the '579 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

32. Upon information and belief, Alere's infringement of the '579 Patent was willful.

33. Plaintiff has suffered damages from Defendant's infringing acts.

34. Plaintiff is entitled to recover damages adequate to compensate it for Alere's infringement.

## COUNT IV
**(Infringement of the '660 Patent)**

35. Paragraphs 1–16 are hereby incorporated by reference as if fully set forth herein.

36. Upon information and belief, during the term of the '660 Patent, Alere made, used, sold, offered to sell and/or imported into the United States products that directly and/or indirectly infringed, literally and/or under the doctrine of equivalents, at least one claim of the '660 Patent. Such products include Alere's epoc System.

37. Caliper put Alere on notice of the '660 Patent on February 23, 2017 at the latest. Alere actively, knowingly, and intentionally induced infringement of the '660 Patent by making, using, offering for sale, importing, and/or selling infringing products, all with knowledge of the

'660 Patent and its claims. Upon information and belief, Alere had knowledge that its customers would use its products to infringe the claims of the '660 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

38. Upon information and belief, Alere's infringement of the '660 Patent was willful.

39. Plaintiff has suffered damages from Defendant's infringing acts.

40. Plaintiff is entitled to recover damages adequate to compensate it for Alere's infringement.

## COUNT V
### (Infringement of the '683 Patent)

41. Paragraphs 1–16 are hereby incorporated by reference as if fully set forth herein.

42. Upon information and belief, Alere makes, uses, sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, at least one claim of the '683 Patent. Such products include Alere's epoc System.

43. Caliper put Alere on notice of the '683 Patent on September 1, 2017 at the latest. Alere actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '683 Patent by making, using, offering for sale, importing, and/or selling infringing products, all with knowledge of the '683 Patent and its claims. Upon information and belief, Alere has knowledge that its customers use its products to infringe the claims of the '683 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

44. Upon information and belief, Alere's infringement of the '683 Patent is willful.

45. Plaintiff has suffered and continues to suffer damages from Defendant's infringing acts.

46. Plaintiff is entitled to recover damages adequate to compensate it for Alere's infringement.

## COUNT VI
**(Infringement of the '312 Patent)**

47. Paragraphs 1–16 are hereby incorporated by reference as if fully set forth herein.

48. Upon information and belief, Alere makes, uses, sells, offers to sell and/or imports into the United States products that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, at least one claim of the '312 Patent. Such products include Alere's epoc System.

49. Caliper put Alere on notice of the '312 Patent on September 1, 2017 at the latest. Alere actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '312 Patent by making, using, offering for sale, importing, and/or selling infringing products, all with knowledge of the '312 Patent and its claims. Upon information and belief, Alere has knowledge that its customers use its products to infringe the claims of the '312 Patent, and possessed specific intent to encourage those infringing uses through, for example, creation and dissemination of promotional and marketing materials relating to such uses.

50. Upon information and belief, Alere's infringement of the '312 Patent is willful.

51. Plaintiff has suffered and continues to suffer damages from Defendant's infringing acts.

52. Plaintiff is entitled to recover damages adequate to compensate it for Alere's infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. A judgment that Defendant has infringed the '538 Patent;

B. A judgment that Defendant has infringed the '787 Patent;

C. A judgment that Defendant has infringed the '579 Patent;

D. A judgment that Defendant has infringed the '660 Patent;

E. A judgment that Defendant has infringed the '683 Patent;

F. A judgment that Defendant has infringed the '312 Patent;

G. An award of all appropriate damages under 35 U.S.C. § 284 for Defendant's infringement of the Asserted Patents, including compensatory damages and enhanced damages for willful infringement;

H. An award of interest and costs;

I. A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorney fees in prosecuting this action; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all claims and issues so triable.

October 30, 2017                                    Respectfully submitted,

                                                    Plaintiff,

                                                    CALIPER LIFE SCIENCES, INC., A
                                                    PERKINELMER COMPANY

OF COUNSEL:
                                                    By its attorney,

    Elizabeth A. Alquist
    Jonathan B. Tropp                           /s/ Darian M. Butcher
    Woo Sin Sean Park                           Darian M. Butcher
    Day Pitney LLP                              BBO # 685568
    242 Trumbull Street                         Day Pitney LLP
    Hartford, CT 06103-1212                     One International Place
    Tel: (860) 275-0100                         Boston, MA 02110
    Fax: (860) 275-0343                         Tel: (617) 345-4600
    Email: eaalquist@daypitney.com              Fax: (617) 345-4745
           jbtropp@daypitney.com         Email:  dbutcher@daypitney.com
           wpark@daypitney.com